ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JOSUÉ ORTIZ COLÓN<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | KLRA202500350 | *Revisión Judicial* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 148931<br><br>Sobre: No Concesión del Privilegio de Libertad Bajo Palabra |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de agosto de 2025.

Comparece Josué Ortiz Colón ("señor Ortiz Colón" o "Recurrente") mediante *Revisión Judicial* y nos solicita que revisemos la *Resolución* emitida el 7 de mayo de 2025 y notificada el 15 de mayo de 2025, por la Junta de Libertad Bajo Palabra ("JLBP" o "Recurrida"). En virtud del referido dictamen, la JLBP denegó el privilegio de libertad bajo palabra solicitado por el señor Ortiz Colón, por desconocer la viabilidad de la residencia propuesta.

Por los fundamentos que proceden, se *Confirma* el dictamen recurrido.

**I.**

El señor Ortiz Colón cumple una sentencia de ciento noventa y ochos (198) años por los delitos de asesinato en primer y segundo grado, tentativa de robo, conspiración, daños agravados, e infracciones a la Ley de Armas. El 16 de agosto de 2024, la JLBP adquirió jurisdicción sobre su caso.

Tras evaluar los documentos referidos por el Departamento de Corrección y Rehabilitación ("DCR"), la JLBP dictaminó no conceder el privilegio de libertad bajo palabra al señor Ortiz Colón, mediante *Resolución* emitida el 7 de mayo de 2025 y notificada el 15 de mayo de 2025. Atinente a la controversia ante nos, la JLBP determinó lo siguiente:

2. La parte peticionaria, sometió plan de salida con su madre Rosa Colón González para [...], Arecibo, Puerto Rico, (se tomó conocimiento del Informe de Libertad Bajo Palabra recibido en la Junta el 14 de agosto de 2024, donde se corrobora el plan de salida sometido por el peticionario), pero la Junta en su reunión del 31 de enero de 2025, pospone la determinación del caso hasta tanto se corrobore la distancia de la vivienda propuesta con las viviendas de las partes perjudicadas del caso y conocer la opinión de las partes perjudicadas en cuanto a la posible concesión o no del privilegio de libertad bajo palabra debido a la naturaleza del delito por el cual el peticionario cumple sentencia. Al 21 de abril de 2025, no contamos con la información solicitada al DCR, por lo tanto, **no podemos realizar una evaluación adecuada sobre la viabilidad de dicha vivienda**.[1]

(Énfasis suplido)

Como corolario, concluyó que "[s]e desconoce la viabilidad de la vivienda sometida."[2] Por último, puntualizó que volvería a considerar el caso en mayo de 2026.

Inconforme, el 16 de mayo de 2025, el recurrente instó una *Reconsideración.* Arguyó que cumplía con todos los requisitos para ser acreedor del privilegio de libertad bajo palabra, incluyendo una vivienda adecuada. De manera específica, señaló que el DCR tenía el deber de suministrarle a la JLBP la información pertinente para determinar la viabilidad de la residencia propuesta.

La JLBP no se expresó en cuanto a la solicitud de reconsideración dentro del término de quince (15) días, por lo cual, el 3 de junio de 2025, el señor Ortiz Colón acudió ante esta Curia mediante *Revisión Judicial.* El recurrente señaló los siguientes errores:

**Erró la J.L.B.P. al denegar la solicitud del peticionario – de conceder la libertad bajo palabra, actuando de manera arbitraria y caprichosa, en violación al derecho de rehabilitación del confinado y del debido proceso de ley.**

**Erró la J.L.B.P. al denegar la solicitud del peticionario – de conceder la libertad bajo palabra, al no basar su determinación en evidencia sustancial que obra en el expediente, erró en la aplicación e interpretación de las Leyes y los reglamentos que se les ha encomendado administrar, lesionando así los derechos fundamentales del peticionario al actuar así arbitraria, caprichosa e ilegalmente, habiendo emitido una Resolución final carente de base racional y contraria a derecho.**

---

[1] Apéndice del recurso, pág. 6
[2] *Íd.,* pág. 8.

**Erró la J.L.B.P. al denegar la solicitud del peticionario – de conceder la libertad bajo palabra, al actuar irrazonable e ilegalmente, ya que su determinación final conduce a la comisión de una injusticia, ya que su interpretación produce resultados incompatibles o contrarios al propósito del estatuto interpretado y a su política pública.**

**Erró la J.L.B.P. al denegar la solicitud del peticionario – de conceder la libertad bajo palabra, al abusar de su discreción al abstenerse de realizar el correspondiente análisis hermeneútico de forma conclusiva para determinar si el peticionario cualifica conforme a los criterios de elegibilidad contenidos en el Reglamento Núm. 9232 de 18 de noviembre de 2020 Art. X Sec. 10.1 y 10.2, según enmendado.**

**Erró la J.L.B.P. al denegar la solicitud del peticionario – de conceder la libertad bajo palabra, al no cumplir con las garantías mínimas del debido proceso de ley en su vertiente procesal; que la decisión se base en el récord y las disposiciones sobre el proceso de adjudicación establecidas en la L.P.A.U.G. Ley Núm. 38 de 30 de junio de 2017, según enmendada.**

**Erró la J.L.B.P. al denegar la solicitud del peticionario – de conceder la libertad bajo palabra, al emitir determinación final, coartando el derecho libertario del Sr. Ortiz, ya que dicha decisión afecta su interés libertario garantizado por la Constitución del Estado Libre Asociado de P.R., Art. II Sec. 7 y la Constitución de los E.U. Enmienda Quinta USCA Enmd. V.**

**Erró la J.L.B.P. al denegar la solicitud del peticionario – de conceder la libertad bajo palabra, al emitir Resolución de No Conceder al Sr. Ortiz dicho privilegio, descansando en el incumplimiento de Ley cometido por el Departamento de Corrección y sus dependencias y no en su propio criterio de razonabilidad otorgado a la Junta mediante el ordenamiento jurídico vigente.**

El 6 de agosto de 2025, la presentó JLBP su alegato en oposición. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

**II.**

**-A-**

La Sección 4.1 de la Ley Núm. 38-2017, según enmendada, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico ("LPAU"), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones conforme a la ley y de forma

razonable. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 96, 113-114 (2023). Es norma reiterada que, al revisar las determinaciones de los organismos administrativos, los tribunales apelativos le conceden gran consideración y deferencia, por la experiencia y el conocimiento especializado que estos poseen. *Íd.*

Por su parte, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "evidencia sustancial que obra en el expediente administrativo". Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por eso, el Tribunal Supremo ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente contrarias a derecho. *Super Asphalt v. AFI y otro*, 206 DPR 803 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117 (2019).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra*, dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Superintendente*, 201 DPR 26 (2018). Por ende, "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". *Íd.* Lo anterior responde a la vasta experiencia y al conocimiento especializado que tienen las agencias sobre los asuntos que le son encomendados. *Capó Cruz v. Junta de Planificación,* 204 DPR 581 (2020).

Por consiguiente, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, éstas deben ser respetadas mientras la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Graciani Rodríguez v. Garaje Isla Verde*, *supra*. Al revisar las decisiones de las agencias, el criterio rector que debe guiar a los tribunales es la razonabilidad

de la actuación, aunque esta no tiene que ser la única o la más razonable. *Hernández Feliciano v. Mun. Quebradillas, supra.*

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Íd.*

Acorde con lo antes expuesto, la revisión judicial de los dictámenes administrativos está limitada a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal. *Íd.* Por tanto, si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar, con suficiente evidencia, que la decisión del ente administrativo no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Capó Cruz v. Junta de Planificación, supra; Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004). De no identificarse y demostrarse esa otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad. *O.E.G. v. Rodríguez,* 159 DPR 98, 118 (2003).

**-B-**

La Ley Núm. 118 de 22 de julio de 1974, según enmendada, conocida como "*Ley de la Junta de Libertad Bajo Palabra*" ("Ley 118"), 4 LPRA sec. 1501 *et seq.*, creó la JLBP. El Artículo 3 de la Ley 118, 4 LPRA sec. 1503, le confirió a la JLBP el poder de "decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico".

El procedimiento para la concesión de la libertad bajo palabra está regulado por el Reglamento Núm. 9603, *Reglamento de la Junta de Libertad Bajo Palabra,* aprobado el 25 de septiembre de 2024 ("Reglamento Núm. 9603"). Así pues, el Artículo X, Sección 10.1 del Reglamento Núm. 9603

estipula los criterios, con relación al peticionario, que la JLBP deberá tomar en consideración al conceder o denegar el privilegio. En lo aquí pertinente, la JLBP tendrá que examinar lo siguiente:

> 8. Si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero.
>
> [...]
>
> e. Residencia
>
> [...]
>
> v. Para determinar si la vivienda propuesta es viable, la Junta considerará, pero sin limitarse a, lo siguiente:
>
>> (a) Las características personales e historial delictivo de las personas con las cuales convivirá el peticionario en la vivienda, y cómo el peticionario se relaciona con estos.
>>
>> (b) Opinión de la comunidad sobre la determinación de conceder el privilegio y las personas con las cuales convivirá el peticionario.
>>
>> (c) Condición de la planta física de la residencia y cantidad de habitantes de la misma.
>>
>> (d) **Si la residencia propuesta está a 30 millas de distancia en vehículo de la residencia de la parte perjudicada.**
>>
>> (e) Si existe algún impedimento en ley para que el peticionario resida en la vivienda propuesta.
>>
>> (f) En los casos que aplique, si el peticionario se encuentra incluido en el contrato de vivienda o haya certificación de la administración correspondiente.
>>
>> (f) Cualquier otra consideración que la Junta estime pertinente dentro de los méritos del caso individual.

(Énfasis suplido)

Artículo X, Sección 10.1 (8), Reglamento Núm. 9603

Nuestro más Alto Foro ha reconocido que "*el beneficio de la libertad bajo palabra **no es un derecho reclamable, sino un privilegio** cuya*

*concesión y administración recae en el tribunal o en la Junta*". (Énfasis suplido). *Quiles v. Del Valle,* 167 DPR 458, 475 (2006).

**III.**

En síntesis, mediante sus siete (7) señalamientos de errores, el recurrente alega que la JLBP incidió al no conceder el privilegio de libertad bajo palabra, tras determinar que desconoce la viabilidad de la residencia propuesta. A su vez, sostiene que cumple con todos los criterios para ser acreedor de dicho privilegio. Por este haber sido el proceder de la parte recurrente, discutiremos todos los errores de manera conjunta.

Según el Reglamento Núm. 9603, al conceder o denegar el privilegio de libertad bajo palabra, la JLBP, entre otras, deberá tomar en consideración si la vivienda propuesta está a más de treinta (30) millas de la residencia de las partes perjudicadas. A través de su alegato en oposición, la JLBP señaló como cuestión umbral que la residencia propuesta por el señor Ortiz Colón no es viable. A esos fines, precisó que, según se desprende del expediente administrativo, una de las partes perjudicadas reside en una distancia próxima al hogar propuesto por el recurrente.[3]

Examinado el expediente administrativo, constatamos que, en efecto, la residencia propuesta por el recurrente no resulta viable, ya que se encuentra a una distancia menor de treinta (30) millas del hogar de una de las partes perjudicadas. A pesar de que, al momento, la JLBP no cuenta con toda la información necesaria para determinar la viabilidad del plan de salida, el factor de proximidad entre las residencias resulta suficiente para denegar el privilegio solicitado.

En vista de lo anterior, no podemos concluir, como aduce el recurrente, que cumple con los criterios de elegibilidad para ser acreedor del privilegio de libertad bajo palabra. Por tanto, concluimos que la denegación emitida por la JLBP fue basada en los criterios requeridos por el *Reglamento de la Junta de Libertad Bajo Palabra.*

---

[3] Destacamos que tal información es confidencial y, como resultado, no fue notificada al recurrente.

Finalmente, advertimos que nuestra determinación no implica que el recurrente no pueda solicitar de nuevo el privilegio de libertad bajo palabra. Conforme surge del dictamen recurrido, en mayo de 2026, tendrá la oportunidad de presentar una solicitud, a tenor con los criterios del *Reglamento de la Junta de Libertad Bajo Palabra*.

**IV.**

Por los fundamentos que anteceden, se *Confirma* el dictamen recurrido.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones